Per Curiam,
 

 On October 10, 1941, .an order was entered by the municipal court substituting the grandmother of the minor child as beneficiary, [recipient] ,of a support order originally made against defendant on October 28, 1921, for the .support of his wife and child, and reduced to $4.50 per week for the .support of the child on defendant’s petition on December 15, 1933, the order for the support of the wife having previously been vacated.
 

 Defendant .made no payment since December 13,1934, and the arrearages had accumulated accordingly.
 

 The .action of the court below in making the order of October 10, 1941, was based entirely on the petition of Lena Green, the minor child’s grandmother. No answer was filed and no testimony was taken. Petitioner alleged in her petition that .she had the care of the child since birth, and that the address of defendant’s wife had been unknown .since 1935.
 

 No .service of the petition was made on defendant, who resides in New Jersey, and counsel for him entered an .appearance de bene esse. In addition to the order of substitution, the court below also ordered an attachment to issue against the person of defendant. Defendant has appealed.
 

 It is unnecessary for us to discuss the .question of jurisdiction (but see
 
 Carey v. Carey,
 
 121 Pa. Superior Ct. 251, 183 (A- 371) as appellant now submits to the jurisdiction of the court, but .seeks to have the matter remitted that he may file an answer to the petition and offer testimony in support thereof.
 

 A nonsupport order does not have the attributes of a money judgment. The Act of June 19, 1939, P. L. 440, No. 250, §1, 17 PS §263, provides : “Any order heretofore or hereafter .made by any .court of this Com
 
 *407
 
 m on wealth for the support of a wife, child or parent, may be altered, repealed, suspended, increased, or amended, and the said court may, at any time, remit, correct ,or reduce the amount of any arrearages, as the case may warrant.”
 

 As pointed out by the court below, the purpose of the support order in this and in every similar case is to provide for the support and maintenance of the minor child. Such a support,order is not to be used to punish a defendant, nor should it result in a bestowal of a gratuity on one who may not have contributed anything to the welfare of the child.
 

 In the present case we are convinced that appellant should have the opportunity to answer the petition and present testimony in support of its material averments.
 

 It may be that the minor child has been supporting herself, as .she is nearly twenty-one years of age, or appellant may have properly arranged for her support, or petitioner may have cared for the minor as averred in her petition. The fact that the support order remained open for seven years without payment by appellant creates no presumption that appellant did not otherwise provide ,for his child’s support and maintenance, and does not warrant the substitution of the petitioner as the recipient thereof in ex parte proceedings. As we view it, a hearing was just as essential on the petition for substitution as it was necessary in making the order in the first instance. Whether appellant owes anything for his child’s support and maintenance, as well as to whom, cannot be otherwise determined.
 

 Order is reversed, and the record is remitted for further proceedings in accordance with this opinion.